**The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



**Dated: February 19 2020**

_____
John P. Gustafson
United States Bankruptcy Judge

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No.   19-33534 |
| | ) | |
| Louis Thomas Bauer, Jr., | ) | Chapter 13 |
| | ) | |
| Debtor. | ) | |
| | ) | Judge John. P. Gustafson |

## MEMORANDUM OF DECISION AND ORDER REGARDING WOOD COUNTY HEALTH DISTRICT'S MOTION FOR RELIEF FROM STAY

This case came before the Court for hearing on January 23, 2020 on Creditor Wood County Health District's Motion for Relief from Stay ("Motion") [Doc. #21].  In the Motion, Creditor seeks relief from the automatic stay as to real property located at 545 Glenwood Road, Rossford, Ohio 43460 ("Glenwood Property"), alleging that, among other things, Debtor Louis Thomas Bauer, Jr. filed this Chapter 13 case in bad faith.  Debtor filed an Opposition [Doc. #32] that requested a hearing on the Motion.

At the January 23rd hearing, Creditor presented evidence in support of its Motion, including affidavits [Doc. ##46, 47, 48] and certified court records detailing Creditor's attempt at foreclosing on the Glenwood Property.  Debtor presented arguments in opposition, but did not produce any evidence in support.  Upon review of the Motion and the arguments and evidence presented at the January 23rd hearing, the court will grant Creditor's Motion.

1

11 U.S.C. §362(d)(1) allows an interested party to obtain relief from the automatic stay if that party is able to establish cause. Though the Bankruptcy Code does not define "cause," the Sixth Circuit Court of Appeals has held that a bankruptcy case initiated in bad faith can constitute cause for relief from the automatic stay under §362(d)(1). *Laguna Assocs. Ltd. P'ship v. Aetna Casualty & Sur. Co.* (*In re Laguna Assocs. Ltd. P'ship*), 30 F.3d 734, 737 (6th Cir. 1994); *see also*, *In re Anthony*, 2012 WL 1576135, 2012 Bankr. LEXIS 1975 (Bankr. D. Neb. 2012)(granting relief from stay by applying the *Laguna Assocs.* "bad faith" analysis to the facts of a Chapter 13 case), *aff'd*, 481 B.R. 602 (D. Neb. 2012) . Factors courts look to when determining whether a case was filed in bad faith for purposes of relief from stay include whether the debtor's property is involved in foreclosure and the status of foreclosure proceedings as they relate to the debtor's purpose in filing for bankruptcy. *Laguna Assocs Ltd. P'ship*, 30 F.3d at 737 (quoting *In re Charfoos*, 979 F.2d 390, 393 (6th Cir. 1992)).

Where a motion for relief from stay is contested, the movant bears the burden of making a *prima facie* evidentiary showing of "cause." *In re Spencer*, 568 B.R. 278, 280 (Bankr. W.D. Mich. 2017). If the movant makes that initial showing, the burden shifts to the party opposing relief from stay as to all issues other than "the debtor's equity in the property." *Id.*; *see*, 11 U.S.C. §362(g).

In this case, Creditor has met its initial burden by producing numerous documents in support of its allegation that Debtor filed this Chapter 13 case in an attempt to delay[1] or improperly reset the litigation involving the Glenwood Property. Creditor provided affidavits from a legal secretary [Doc. #46], a deputy sheriff [Doc. #47], and the Wood County Treasurer [Doc. #48], all of which detail Wood County's frustrated attempts to foreclose on the Glenwood Property, a non-residential lot encumbered by Wood County's judgment lien against Debtor related to unpaid misdemeanor fines. [Doc. #21, Ex. 1, pp. 22-23]. Creditor also provided certified copies of court documents that further detail Wood County's efforts to foreclose on the Glenwood Property.

In addition to the length of time this matter has been litigated in the state courts, and a

---

1/ While the totality of the circumstances supports a finding of a bad faith attempt to delay the foreclosure action at issue, the court notes that Louis T. Bauer, Jr.'s actions in bidding at a previously conducted foreclosure sale, and then failing to pay the purchase price, is a strong fact supporting Wood County Health District's Motion. *See*, Ex. 8, Wood County Health District v. Louis T. Bauer, Jr., et al, Case No. 2015 CV 0160, Order on Motion for Finding of Contempt, to Set Aside Sale of Property, for Forfeiture of Deposit, to Prohibit Certain Persons from Bidding or Acquiring Property at Resale (Court of Common Pleas, Wood County, Ohio, July 7, 2017).

2

related matter in the federal district court, the court finds the following additional facts to weigh in favor of a grant of relief: 1) the argument that the property belongs to his wife has been previously decided by final, non-appealable state court orders;[2] 2) the failure of the Debtor to pay real estate taxes on the property for several years;[3] 3) the fact that the Debtor had a prior Chapter 13 case dismissed within one year, triggering the 30 day relief from stay provision under Section 362(c)(3);[4] and 4) the Debtor's filed Chapter 13 Plan proposes monthly payments that are insufficient to allow the Plan to be confirmed.[5]

Accordingly, the court finds that the Creditor has made a *prima facie* showing that Debtor's Chapter 13 Plan was filed in bad faith, and that there are additional reasons why the Motion for Relief from Stay should be granted.

Because the court finds that Creditor has made the requisite *prima facie* showing, the burden shifts to the Debtor. Though Debtor offered arguments at the January 23rd hearing that generally disputed Creditor's allegation of bad faith, he offered little, if any, evidence in support of his arguments. Nor did he specifically dispute Creditor's depiction of the events that precipitated his Chapter 13 filing. Thus, the court finds that Debtor has failed to meet his burden, and the court will grant Creditor's Motion for Relief from Stay and lift the automatic stay imposed by 11 U.S.C. Section 362(a).

---

2/ See, Creditor Wood County, Ex. 1 at p. 2, Wood County Combined General Health District v. Louis T. Bauer, Jr., Case No. 1101153 (A-G) (Perrysburg Municipal Court, March 15, 2012); aff'd by, Ex. 3A, Court of Appeals No. WD-12-022 (Sixth Dist. Court of Appeals, Feb. 5, 2013); Ex. 3A, denying reconsideration, Court of Appeals No. WD-12-002 (Sixth Dist. Court of Appeals, March 26, 2013); Ex. 3B,denying second motion for reconsideration, Court of Appeals No. WD-12-002 (Sixth Dist. Court of Appeals, April 24, 2013); Ex. 6, Wood County Health District v. Louis T. Bauer, Jr., et al, Case No. 2015 CV 0160, Judgment Entry and Decree in Foreclosure, at p. 3 (Court of Common Pleas, Wood County, Ohio, May 26, 2016); Ex. 7, dismissing appeal from Judgment Entry and Decree in Foreclosure, Court of Appeals No. WD-16-035 (Sixth Dist. Court of Appeals, Oct. 7, 2016).

3/ See, Claims Register, Wood County Treasurer Claim 1-1, Real Estate Taxes for 2012 to 2020.

4/ There is a split of authority regarding the extent to which the automatic stay is terminated by Section 362(c)(3). *Compare*, *In re Smith*, 910 F.3d 576 (1st Cir. 2018), *with*, *Rose v. Select Portfolio Servicing, Inc.*, 945 F.3d 226 (5th Cir. 2019). Once the 30 days has passed, and the stay has lapsed, the bankruptcy court cannot reimpose the automatic stay. *See e.g.*, *In re Flynn*, 582 B.R. 25 (BAP 1st Cir. 2018). Even if the court were to follow the holding in *Rose* and *Jumpp*, the failure to move to extend the stay is a factor weighing in favor of granting Creditor's Motion.

5/ *See*, Docket No. 39; *see also*, *United Savings Assoc. of Texas v. Timbers of Inwood Forest Assoc. Ltd.*, 484 U.S. 365, 375-376, 108 S.Ct. 626, 633, 98 L.Ed.2d 740 (1988)("What this requires is not merely a showing that if there is conceivably to be an effective reorganization, this property will be needed for it; but that the property is essential for an effective reorganization *that is in prospect*. This means, as many lower courts, including the en banc court in this case, have properly said, that there must be "a reasonable possibility of a successful reorganization within a reasonable time.")(emphasis in original).

In light of the above findings, and for cause shown,

**IT IS THEREFORE ORDERED** that Creditor Wood County Health District's Motion for Relief from Stay [Doc. #21] be, and hereby is, **GRANTED.**